CYBERNET VENTURES, INC.,
Plaintiff—Appellant,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST, Defendant—Appellee.

No. 04–55882.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2006.

Decided Feb. 23, 2006.

---

Steve R. Segura, Esq., Veatch Huang, Los Angeles, CA, for Plaintiff–Appellant.

G. Arthur Meneses, Berger Kahn, A Law Corporation, Marina Del Ray, CA, Ann Kathryn Johnston, Esq., Berger Kahn, A Law Corporation, Novato, CA, Gene A. Weisberg, Esq., Berger Kahn, A Law Corporation, Los Angeles, CA, for Defendant–Appellee.

## MEMORANDUM *

Cybernet Ventures, Inc. ("Cybernet") appeals the district court's order granting The Hartford Insurance Co.'s ("Hartford") Motion for Summary Judgment and denying Cybernet's Motion for Partial Summary Judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history of the case, we do not include them here except as necessary to explain our decision.

■ Cal. Civ.Code § 2860 provides that an insurer having a duty ·to defend its insured must provide its insured independent counsel (commonly referred to as *Cumis* counsel)[2] where a conflict of interest arises between the insurer and insured. A conflict of interest exists when "an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim." Civ. Code § 2860(b). The reservation of rights in this case does not present a conflict of interest under § 2860 because: (1) insurer's counsel cannot control the outcome of the coverage issues and (2) the coverage dispute relates solely to damages.

Section 504(c)(2) of the Copyright Act allows a plaintiff to seek an award of enhanced statutory damages upon a showing that the "infringement was committed willfully." 17 U.S.C. § 504(c)(2). Cal. Ins. Code § 533, in turn, provides that an "insurer is not liable for a loss caused by the willful act of the insured."[3] Section 533, however, only precludes indemnification when liability is based on a finding of willfulness defined as a specific intent to cause harm. *Mez Indus., Inc. v. Pacific Nat'l Ins. Co.*, 76 Cal.App.4th 856, 874–76, 90 Cal.Rptr.2d 721 (1999). A finding of willfulness under 17 U.S.C. § 504(c)(2), in contrast, requires only the lesser showing of knowledge, willful blindness, or reckless disregard of infringing activity. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335–36 (9th Cir.1990); 4 M. Nimmer and D. Nimmer, *Nimmer on Copyright*, § 1404[B][3] at 14–79. The different standards for an award of enhanced statutory damages and application of § 533 means that the coverage question will not be litigated in the underlying action and there is no conflict of interest. *Gafcon, Inc. v. Ponsor & Assoc.*, 98 Cal.App.4th 1388, 1422, 120 Cal.Rptr.2d 392 (2002); Cal. Civ.Code § 2860(b).

When a reservation of rights relates only to the issue of the amount of damages and not to the question of liability, California courts hold that there is no conflict requiring independent counsel. *Blanchard v. State Farm Fire & Cas. Co.*, 2 Cal.App.4th 345, 2 Cal.Rptr.2d 884 (1991). The issue of willfulness pursuant to 17 U.S.C. § 504(c)(2) is only relevant to the issue whether an award of statutory damages can be enhanced and does not affect the question of liability or the right to statutory damages. It does not create a conflict of interest. *Cf* Cal. Civ.Code § 2860(b) ("[n]o conflict shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy").

Hartford's reservation of rights as to the trademark claims does not create a conflict of interest because it would have been impossible for counsel to defend against the covered copyright claims and simultaneously not defend against the trademark claims. Hartford's chosen counsel could not have controlled the outcome of the coverage issue. Independent counsel was not required. Cal. Civ.Code § 2860(b).

■ Cybernet breached the cooperation clause by failing to turn the defense of the action over to the attorneys selected by Hartford and thereby substantially prejudiced Hartford by denying it the right to defend the action. *See Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal.App.4th 966, 976,

---

**2.** *San Diego Navy Fed. Credit Union v. Cumis Ins. Society, Inc.*, 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984).

**3.** This statutory exclusion is read into every insurance contract as an implicit term. *Allstate Ins. Co. v. Overton*, 160 Cal.App.3d 843, 206 Cal.Rptr. 823 (1984).

94 Cal.Rptr.2d 516 (2000). Cybernet's breach of the policy precludes its breach of contract claim against Hartford.

■ A claim for breach of the covenant of good faith and fair dealing can not be maintained where a party is barred from bringing a claim for breach of contract. *Brizuela v. Calfarm Ins. Co.*, 116 Cal. App.4th 578, 593–94, 10 Cal.Rptr.3d 661 (2004).

**AFFIRMED.**